IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Criminal Action No. 5:17CR32
                                             (STAMP)
MAURO NIETO-GARCIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR
REVIEW OF THE ORDER GRANTING DETENTION,
REVOKING MAGISTRATE JUDGE'S DETENTION ORDER
AND ESTABLISHING CONDITIONS OF PRETRIAL RELEASE**

I. Background

On August 8, 2017, the defendant in the above-styled criminal matter was indicted by the grand jury for reentry of a removed alien, in violation of 18 U.S.C. § 1326(a). At the defendant's arraignment hearing before United States Magistrate Judge James E. Seibert, the government made an oral motion for detention. Accordingly, the magistrate judge conducted a detention hearing, at which time the government presented the testimony of an Immigration and Customs Enforcement ("ICE") officer and sought to establish the defendant's risk of flight. The defendant responded with testimony of his ties to the community in Stillwater, Oklahoma. After the hearing, Magistrate Judge Seibert entered an order granting the motion to detain the defendant pending trial on the basis of risk of flight. ECF No. 17.

The defendant then filed a motion for review of the order granting detention. ECF No. 18. The government filed a response

to the defendant's motion for review, and the defendant filed a reply to the government's response. This Court grants the defendant's motion to review of the detention order and, after careful review of the pleadings and the record, revokes the magistrate judge's detention order.

## II. Applicable Law

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In construing that statute, the United States Court of Appeals for the Fourth Circuit noted in United States v. Clark, 865 F.2d 1433 (4th Cir. 1989), that "[a] defendant ordered detained by a magistrate may seek de novo review in the district court." Id. at 1436 (citing United States v. Williams, 453 F.2d 329, 333 (4th Cir. 1985)).

## III. Discussion

Title 18, United States Code, Section 3142(e)(1) provides that detention of a defendant is appropriate if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Subsection (g) of 18 U.S.C. § 3142 specifies four factors to be taken into account "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." In this case, the

rebuttable presumption under 18 U.S.C. § 3142(e)(2) does not apply. Thus, "[w]ith regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings." United States v. Steward, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished).

Here, the defendant has lived in the United States for over four years. The defendant has been employed as a maintenance worker at a golf club in Stillwater, Oklahoma, and has a second job as a landscape worker. The defendant's family also resides in Stillwater, Oklahoma. The defendant has no prior felony convictions, and has only one previous misdemeanor conviction for driving without a license, for which he is currently serving a sentence of probation in Oklahoma. An Oklahoma state probation officer, Monce Gil, has informed the United States Probation Office that the defendant is in full compliance with the terms of his state probation. Probation Officer Gil does not oppose the defendant's release from federal custody and his return to supervision by the state probation office.

Prior to the defendant's detention, he resided at 1224 South Husband Street, Sillwater, Oklahoma 74074. A long-time friend and coworker of the defendant, Jaime Martinez, has been in contact with the United States Probation Office and verified the defendant's address. Mr. Martinez is also the defendant's landlord. Mr. Martinez lives nearby the defendant's residence at 6124 West

Coventry Drive, Stillwater, Oklahoma 74074, and is willing to serve as a third-party custodian for the defendant. The United States Probation Officer also recently wrote a letter to the magistrate judge, in which she stated that Mr. Martinez had verified the above information and "indicated his willingness to do whatever necessary to make sure the defendant appears for all court appearances." The letter is attached to and made a part of this order.

The government's response to the defendant's motion for review of the detention order asserts that the defendant is a flight risk because he is subject to an ICE detainer. However, the fact that a defendant is subject to an ICE detainer is not a determinative factor in deciding whether a defendant is a flight risk. See United States v. Blas, No. CRIM.13-0178-WS-C, 2013 WL 5317228, at *4 n.9 (S.D. Ala. Sept. 20, 2013) ("The administrative detainer lodged by ICE was a factor taken into consideration regarding risk of flight; however that detainer did not presumptively establish the appropriateness of detention."); United States v. Montoya-Vasquez, No. 4:08CR3177, 2009 WL 103596, at *5 (D. Neb. Jan. 13, 2009) ("If Congress wanted to bar aliens with immigration detainers from eligibility for release, it could have readily said so, but did not.").

The government's response does not provide any compelling reason why the defendant is a flight risk other than that he is subject to an ICE detainer. However, as discussed above, the defendant has offered several other compelling reasons why he is

not a flight risk.  This Court finds that the defendant is not a flight risk because he has several ties to his community in Stillwater, Oklahoma, and will be under the supervision of the Oklahoma state probation office.  Additionally, Mr. Martinez, a United States citizen, has indicated his willingness to do whatever necessary to make sure the defendant appears for all court appearances.  Thus, the government has not proven by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings.  Accordingly, this Court finds on <u>de novo</u> review that the defendant is not a flight risk and should be released to his home at 1224 South Husband Street, Sillwater, Oklahoma 74074.

## IV.  <u>Conclusion</u>

The defendant's motion for review of the detention order is GRANTED, and, upon <u>de novo</u> review, this Court REVOKES the detention order (ECF No. 17).  It is hereby ORDERED that the defendant is RELEASED pending trial.  The defendant's release is contingent upon his agreement to sign a standard bond form (Order Setting Conditions of Release, AO Form 199A), the signing of which will subject the defendant to certain standard and special conditions which are as follows:

1.  The defendant must not violate federal, state, or local law while on release.

2.  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

3. The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. The defendant must appear in this Court as required and, if convicted, must surrender as directed to serve any sentence that the court may impose.

5. The defendant must sign an Appearance Bond, if ordered.

6. The defendant shall keep in contact with: Jaime Martinez, 6124 West Coventry Drive, Stillwater, Oklahoma 74074, who agrees to supervise the defendant, make every effort to assure the defendant's appearance at all court proceedings in this Court, and notify this Court immediately if the defendant violates a condition of release.

7. The defendant shall:

a. submit to supervision by and report for supervision to the United States Probation Office.

b. continue or actively seek employment.

c. restrict travel to the Western District of Oklahoma and return to the Northern District of West Virginia.

d. not possess a firearm, destructive device, or other weapon.

e. not consume alcohol.

f. not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a medical practitioner.

g. submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.

h. participate in a program of impatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising office.

i. report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

j. not purchase, possess, or use any paraphernalia related to any controlled substance.

k. not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants, and shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.

l. not abuse any prescription medication.

m. shall be prohibited from possessing a potentially vicious/dangerous animal or residing with anyone who possesses a potentially vicious animal. The Probation Officer has sole authority to determine what animals are considered to be potentially vicious/dangerous animals.

It should be noted that the defendant may be subject to the provisions of 18 U.S.C. § 3148 if he violates any of the conditions

of his release.  The defendant is hereby advised that the sanctions and penalties which are available under these circumstances include revocation of release, an order of detention, and prosecution for contempt of court.  In addition, the defendant shall be subject to those provisions entitled "advice of penalties and sanctions" of this Court's standard order setting conditions of release, a copy of which shall be given to the defendant at the time he executes the bond.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Marshals Service, and to the United States Probation Office.

DATED:     September 18, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF WEST VIRGINIA
PROBATION OFFICE

September 18, 2017

TERRY L. HUFFMAN
CHIEF PROBATION OFFICER
PO BOX 248
WHEELING, WV 26003
304-232-8474

320 W. PIKE ST., SUITE 110
CLARKSBURG 26301
304-624-5504

PO BOX 127
ELKINS 26241
304-636-7277

217 W. KING ST., RM 310
MARTINSBURG 25401
304-267-0778

PLEASE REPLY TO:
Wheeling

Honorable James E. Seibert
United States Magistrate Judge
P.O. Box 471
Wheeling, WV 26003

RE: Nieto-Garcia, Mauro
Docket No.: 5:17CR32

Dear Judge Seibert,

On August 31, 2017, I was contacted by Jaime Martinez, who indicated that he is a family friend and landlord of the above referenced defendant. Mr. Martinez was able to verify that the defendant could reside at 1224 S. Husband Street, Stillwater, OK 74074. Mr. Martinez also verified that he is a co-worker of the defendant at Cowboy Golf where they perform maintenance work. In addition, Mr. Martinez indicated his willingness to do whatever necessary to make sure the defendant appears for all court appearances.

It should be noted that if the defendant be released on bond, he would be subject to deportation by the U.S. Immigration and Customs Enforcement, pursuant to a detainer placed against him. Therefore, his appearance in Court could not be guaranteed.

Sincerely,

Leslie A. Stocking
Senior U.S. Probation Officer